WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Donald Lee Dinwiddie and Lydia A. Dinwiddie,<br><br>Plaintiffs,<br><br>vs.<br><br>United States of America,<br><br>Defendant. | No. CV-14-00180-PHX-SPL<br><br>**ORDER** |

Before the Court is Defendant's motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. (Doc. 7.) For the reasons that follow, the motion will be denied without prejudice.[1]

**I.   Background**

This action arises from an October 2011 collision in Yuma, Arizona between vehicles driven by Plaintiff Donald Lee Dinwiddie and an employee of the United States Department of the Army, Michael Gregary Csintyan ("Csintyan"). Plaintiff brings claims against the United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b), alleging that the collision was caused by Csintyan's negligent operation of his vehicle, and that the United States, through the Department of the Army, negligently entrusted a rented vehicle to Csintyan knowing that he posed a danger to other drivers. (Doc. 1 at ¶¶ 11, 12.) Plaintiff Donald Lee Dinwiddie seeks special and general damages,

---

[1] The request for oral argument is denied because the issues have been fully briefed and oral argument will not aid the Court's decision. *See* Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

and his wife, Lydia A. Dinwiddie, alleges loss of consortium. (Doc. 1 at 3.)

## II. Legal Standards

The FTCA waives sovereign immunity to allow the United States to be held liable for torts committed by a federal employee "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. A threshold requirement to establish subject-matter jurisdiction under the FTCA is that the federal employee must have been acting within the scope of his employment when the tort was committed. 28 U.S.C. §§ 1346(b)(1), 2679(b)(1).

"The defense of lack of subject matter jurisdiction cannot be waived, and the court is under a continuing duty to dismiss an action whenever it appears that the court lacks jurisdiction." *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983) (citing Fed. R. Civ. P. 12(h)(3)). A party may bring a facial or factual attack on subject-matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure. *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). A "facial attack" accepts the truth of the complaint's allegations, but asserts that they are "insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone*, 373 F.3d at 1039. By contrast, a "factual attack" challenges the truth of the complaint's allegations, and asserts that federal jurisdiction does not exist in fact by introducing evidence outside the pleadings. *Id.*

In resolving a facial attack, the Court accepts the allegations as true, draws all reasonable inferences in plaintiff's favor, and "determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014). In resolving a factual attack, the Court need not accept the truthfulness of the plaintiff's allegations and, in considering evidence outside the pleadings, determines if plaintiff has proven by a preponderance of the evidence that subject-matter jurisdiction exists. *Safe Air for Everyone*, 373 F.3d 1035; *Leite*, 749 F. 3d at 1121. "[I]f the existence of jurisdiction turns on disputed factual issues, the district court may resolve those factual disputes itself" without converting the motion to dismiss

into a motion for summary judgment. *Leite,* 749 F. 3d at 1121-22; *Safe Air for Everyone*, 373 F.3d at 1039. However, the district court "must leave the resolution of material factual disputes to the trier of fact when the issue of subject-matter jurisdiction is intertwined with an element of the merits of the plaintiff's claim." *Leite*, 749 F.3d at 1122 fnt. 3; *see also Autery v. United States*, 424 F.3d 944, 956 (9th Cir. 2005); *Safe Air for Everyone*, 373 F.3d at 1039.

### III. Discussion

In the instant motion, Defendant argues that Csintyan was not acting within the course and scope of his federal employment pursuant to Arizona law at the time of the collision. (Doc. 7 at 8.) Bringing a factual attack on subject-matter jurisdiction, Defendant has submitted evidence outside the pleadings, namely, an affidavit from Csintyan's supervisor, James Cope, who states that at the time of collision Csintyan was driving back to his hotel after work hours and was off-duty. (Doc. 7-1 at ¶¶ 3, 5.) In response, Plaintiffs argue the contrary; Csintyan was acting within the course and scope of his employment at the time of the collision because, among other reasons, he was driving a government-rented vehicle and was working away from home on Army assignment. (Doc. 9 at 2.) Plaintiffs also contend that Defendant's motion is premature and request that discovery be permitted so that they can investigate material jurisdictional facts and meet their burden of proof.

First, the Court agrees that at this juncture further discovery is appropriate. Here, the "pertinent facts bearing on the question of jurisdiction are in dispute." *Am. West Airlines, Inc. v. GPA Group, Ltd.*, 877 F.2d 793, 801 (9th Cir. 1989). Although Cope declares that Csintyan was off-duty at the time of the collision, there are sufficient factual allegations to support a claim that Csintyan was acting within the scope of his employment such that discovery into those facts is warranted. (Doc. 9-1 at 2.) *Cf. Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1160 (9th Cir. 2006) (denying discovery where there was an insufficient basis for asserting jurisdiction). Indeed, this case is largely undeveloped and the need for discovery is evident by the very absence of any direct

account by Csintyan of the circumstances surrounding the collision.

Further, it is not clear whether the determinative jurisdictional facts will bear directly on the merits. For example, the facts revealed surrounding Csintyan's competence to drive at the time of the collision may bear directly on both the question of whether he was acting within the scope of his employment and the merits of Plaintiffs' negligent entrustment claim.[2] As such, discovery has the potential to not only shape the parties' arguments, but dictate the legal standard governing briefing on jurisdiction. The motion to dismiss will therefore be denied without prejudice, and Defendant may renew its motion on subject-matter jurisdiction following adequate discovery.

Lastly, Defendant requests that discovery and briefing be confined to the question of subject-matter jurisdiction. Defendant contends that "Csintyan's potential personal liability will be affected by this issue" and, should the Court determine that the United States is immune from suit, Csintyan may "find it in his interest to obtain his own counsel." (Doc. 14 at 3.) This request will be denied. Because Defendant argues that Csintyan, not the United States, is liable for any collision damages, his interests *are* at issue; nothing suggests that limiting the scope of litigation to the jurisdictional question would shelter those interests. In developing jurisdictional facts, Plaintiffs seek to take Csintyan's deposition. (*See* Doc. 9 at 5.) His testimony concerning the collision will undoubtedly influence the finding on whether he can be sued personally.

**IV. Conclusion**

Finding that discovery should be allowed, the Court will deny the motion without prejudice and call Defendant to answer the Complaint. Thereafter, the Court will set a case management conference and the blueprint for case discovery. Accordingly,

---

[2] To establish a negligent entrustment claim under Arizona law, a party must prove: "(1) that Defendant owned or controlled a vehicle; (2) Defendant gave the driver permission to operate a vehicle; (3) the driver, by virtue of his physical or mental condition, was incompetent to drive safely; (4) the Defendant knew or should have known that the driver, by virtue of his physical or mental condition, was incompetent to drive safely; (5) causation; and (6) damages." *Acuna v. Kroack*, 128 P.3d 221, 227 (Ariz. Ct. App. 2006).

**IT IS ORDERED** that Defendant's Motion to Dismiss (Doc. 7) is **denied without prejudice**.

**IT IS FURTHER ORDERED** that Defendant shall have until **September 12, 2014** to file an answer to the Complaint (Doc. 1).

Dated this 29th day of August, 2014.

_____
Honorable Steven P. Logan
United States District Judge